IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACK L. JONES and KAY A. JONES,

    Plaintiffs,

vs.

Case No. 06-1381-JTM

KP & H LLC, a Delaware Limited Liability Company; KPH, LLC, a Georgia Limited Liability Company; and BRAD PENNY,

    Defendants.

MEMORANDUM AND ORDER

    The present matter arises on defendant, KP&H, LLC's motion to dismiss (Dkt. No. 6). For the following reasons, the court grants defendant's motion. Specifically, defendant alleges that the action was filed in an improper venue and that plaintiff's complaint fails to state a claim upon which relief can be granted. Alternatively, plaintiffs filed a motion to remand (Dkt. No. 10), which the court denies.

    Plaintiffs, Jack L. Jones and Kay A. Jones, own certain portions of real property located in Barber County, Kansas. The property was the subject of a possible purchase and sale transaction, though the transaction never occurred. The terms of the proposed agreement between plaintiffs and defendants were set forth pursuant to a Definitive Purchase Agreement ("DPA") and an Escrow Deposit Agreement.

Defendant KP&H is a Delaware limited liability company with its principal place of business in San Diego County, California.  KP&H's sole member is a citizen of Texas who is employed and resides in California for a significant part of the year, including the time during which the proposed transaction, DPA, and Escrow Agreement were negotiated.  Defendant Brad Penny is a Florida citizen and is also employed and resides in California for a significant part of the year, including the time during which the proposed transaction, DPA, and Escrow Agreement were negotiated.

On June 23, 2006, the parties entered into the DPA for the proposed sale and purchase of the property, which consists of approximately 10,500 acres of primarily undeveloped land.  The DPA is comprised of (1) the Purchase Agreement, (2) the Addendum to the Purchase Agreement and Joint Escrow Instructions, and (3) the Second Addendum to the Purchase Agreement and Joint Escrow Instructions.  The parties also executed the Escrow Agreement, which outlined instructions regarding the Earnest Money Deposit.

On October 25, 2006, five days prior to the expiration of the Inspection Period, counsel for KP&H sent plaintiffs' counsel notice of defendants' termination of the DPA.  The Termination Notice stated that the termination was an exercise of purchaser's discretionary termination right under Section 7 of the Purchase Agreement which states:

> Section 7.  INSPECTION PERIOD.  Purchaser shall have the right and privilege of going upon the Property during normal business hours with Purchaser agents, representatives, or designees to inspect, examine, survey, and make test borings, soil bearing tests, and any other soil or engineering tests or surveys which Purchaser may deem necessary for a period of ninety (90) days from the satisfaction of all conditions precedent set forth in Section 5 hereof (the "Inspection Period").  At any time period [sic] the expiration of the Inspection Period, Purchaser may terminate this Contract for any reason as a

>  result of these inspections at the Purchaser's full and complete discretion. . . .

Petition (Dkt. No. 1), Exhibit A, at 15-16.

When the escrow holder returned the Earnest Money Deposit to defendants without objection by plaintiffs, plaintiffs filed the present action originally in the Thirteenth Judicial District, District Court, Barber County, Kansas, on November 21, 2006.  On December 22, defendant KP&H filed a Notice of Removal to this court pursuant to 28 U.S.C. § 1446 based on diversity of the parties.

The issue for consideration is whether dismissal should be granted for improper venue under the Agreement's forum selection clause.

"Venue refers to the place where a lawsuit should be brought." *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, 277 F. Supp. 2d 1120, 1129 (D. Kan. 2003).  Courts in this circuit enforce forum selection clauses under a motion to dismiss for improper venue pursuant to 12(b)(3).  *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956-57 (10th Cir. 1992);  *Black & Veatch Constr., Inc. v. ABB Power Generation, Inc.*, 123 F. Supp. 2d 569, 579 (D. Kan. 2000).

When interpreting contract language limiting the filing of actions, the court's goal is to give effect to the parties' intent as manifested by the language of the contract.  *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 582 (10th Cir. 1997).  Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1,

10 (1972). Plaintiff has failed to demonstrate that enforcement of the forum selection clause would be unreasonable.

In the present case, plaintiffs argue that dismissal for improper venue is inappropriate because defendants did not comply with Section 7 of the DPA. Specifically, plaintiffs note that the DPA states: "At any time period [sic] the expiration of the inspection period, purchaser may terminate this contract for any reason as a result of these inspections at the purchaser's full and complete discretion." Petition, Exh. A, at 15-16. Plaintiffs argue that defendants did not demonstrate that the inspections were either undertaken nor that the reasons for termination related in any fashion to the inspection. Therefore, plaintiffs argue, venue is appropriate in Barber County, Kansas, pursuant to the Second Addendum to the Purchase Agreement which states that "(b) any dispute arising out of or relating to the purchase and sale of the Property shall be tried and litigated exclusively in the State and Federal Courts located in Barber County, Kansas . . ." Petition, Exh. C. The court disagrees.

Defendants properly exercised the right to terminate the Contract "for any reason as a result of these inspections at the Purchaser's full and complete discretion" prior to the end of the Inspection Period. Petition, Exh. A, at 15-16. With respect to Jurisdiction and Venue for Dispute Resolution, the Second Addendum also states: "(a) any dispute arising out of or relating to Buyer's Deposit or Earnest Money Deposit, or the release, failure to release, refund, return or collection of the same to or by Buyer, shall be tried and litigated exclusively in the State and Federal Courts located in San Diego County, California . . ." *Id*. The present dispute concerns the disposition of the Earnest Money Deposit, for which the Second Addendum addresses in (a). Therefore, the proper venue for resolution of this dispute lies in the State and Federal Courts

located in San Diego County, California.  Venue is not appropriate in Barber County, Kansas, because the dispute does not arise out of or relate to the purchase and sale of the Property because a purchase and sale did not occur.

Moreover, the parties agreed that if the deal failed to close due to a default on the part of the defendants: "Seller shall be entitled to retain the Earnest Money as liquidated damages and in full settlement of any claims or damages."  Petition, Exhibit A. § 13.1.  Plaintiffs' relief involves the retention of the earnest money deposit, for which (a) of the Second Addendum provides the appropriate venue.  The forum selection clause related to disputes over the Earnest Money Deposit controls the present action.  Therefore, the court finds that dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(3).

IT IS ACCORDINGLY ORDERED this 25th day of July, 2007, that defendants' motion to dismiss (Dkt. No. 6) is granted.

                                                               s/ J. Thomas Marten
                                                               J. THOMAS MARTEN, JUDGE